UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEAN PALMER, | : | Case No. 3:25-CV-356 (SVN) |
|    *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | |
| FLOWERS, Warden, FCI Danbury, | : | |
|    *Respondent*. | : | April 28, 2025 |

**RULING ON EMERGENCY PETITION FOR HABEAS CORPUS RELIEF**

Sarala V. Nagala, United States District Judge

In this action, Petitioner Sean Palmer brings an emergency petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") application of Earned Time Credits ("ETCs") under the First Step Act ("FSA"). Pet., ECF No. 1 at 2. Petitioner seeks an order compelling Respondent to (1) credit Petitioner with ETCs beginning from October 1, 2024, the date of his sentencing, and (2) transfer him to pre-release custody. *Id.* at 2–3. For the reasons set forth below, the emergency petition for writ of habeas corpus is **DENIED**.

**I.      BACKGROUND**

Petitioner was sentenced to 138 months' imprisonment, followed by six years' supervised release, on April 6, 2015. Resp. Ex. 3, ECF No. 8-3 ¶ 5. Petitioner was released from his term of imprisonment to begin his term of supervised release on January 14, 2022. *Id.* ¶ 6. That term of supervised release was revoked on October 1, 2024, and Petitioner was sentenced to nine months' imprisonment, with no term of supervised release to follow. *Id.* ¶ 7. Petitioner remained in the custody of the U.S. Marshals Service from October 1, 2024, to October 30, 2024. *Id.* ¶ 20. During this time, Petitioner was housed at the Cayuga County Jail and the Delaware County Jail, while in custody of the Marshals Service. *Id.* Petitioner arrived at FCI Danbury, his designated BOP facility, on October 30, 2024. *Id.* ¶ 23.

1

Petitioner filed his *pro se* emergency petition for writ of habeas corpus on March 12, 2025, while in custody at FCI Danbury. Pet., ECF No. 1-1 (envelope bearing FCI Danbury return address). Respondent filed a response to the petition on March 31, 2025. Resp., ECF No. 8. Petitioner then filed his reply from an address in Utica, New York. Reply, ECF No. 10-1 (envelope bearing Utica, New York return address). The BOP website shows Petitioner as currently residing at Pittsburgh RRM, *see* BOP, *Inmate Locator*, https://www.bop.gov/inmateloc/ (Reg. No. 20500-052) (last visited Apr. 28, 2025), a residential reentry center ("RRC"). *See* BOP, *RRM Pittsburgh*, https://www.bop.gov/locations/ccm/cpg/ (last visited Apr. 28, 2025).[1] According to the BOP's website, Petitioner's release date is June 30, 2025. *See* BOP, *Inmate Locator*, *supra*.

## II.    LEGAL STANDARD

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, § 2241 petitions are appropriately used to challenge FSA time credit calculations. *See Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to FSA time credit calculation on a § 2241 petition). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

---

[1] The Court may take judicial notice of the BOP website. *See Broaddus v. Pullen*, No. 3:22-CV-172 (SRU), 2023 WL 3158976, at *1 n.1 (D. Conn. Apr. 28, 2023).

**III.     DISCUSSION**

For the reasons discussed below, Petitioner's petition is not moot as to Petitioner's request that Respondent calculate his ETCs from his date of sentencing, but this petition is nonetheless denied.

A.  Mootness of Petition

The Court first concludes that Petitioner's habeas petition is moot as to Petitioner's request to be transferred to pre-release custody, but not moot as to Petitioner's request that Respondent calculate his ETCs from his date of sentencing.

Before considering the merits of the petition, the Court must first determine whether it is moot in light of Petitioner's transfer to an RRC. *See Mohammed v. Stover*, No. 3:23-CV-757 (SVN), 2024 WL 5146440, at *2–3 (D. Conn. Dec. 17, 2024) (deciding whether habeas petition was moot before considering merits when Petitioner transferred to an RRC while her habeas petition was pending). Petitioner requests the following forms of relief: (1) calculation of ETCs beginning on the date of his sentencing; (2) transfer to pre-release custody, under the FSA; and (3) other relief that the Court deems proper and just. Pet., ECF No. 1 at 2–3.

Petitioner has been released to an RRC, *see* BOP *Inmate Locator*, *supra*, which is a form of pre-release custody. *See* 18 U.S.C. § 3624(g)(2); *Saleen v. Pullen*, No. 3:23-CV-147 (AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023) ("Prerelease custody can be in the form of either home confinement or transfer to a residential reentry center."). Thus, Petitioner's request for an order that Respondent release Petitioner to pre-release custody is moot because he has received the relief he requests. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

3

But receiving only some of the relief Petitioner requests does not render his entire habeas petition moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (*per curiam*) (holding that a habeas petition is not moot so long as the court could grant some relief); *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018) (noting that "a lawsuit—or an individual claim—becomes moot when a plaintiff actually receives *all* of the relief he or she could receive on the claim through further litigation." (emphasis altered; quotation marks omitted)). In addition to transfer to pre-release custody, Petitioner also requests that the Court order Respondent to "calculate [his] FTCs starting on the date of [his] sentencing 10/1/24 and update [his ETC] calculation accordingly." Pet., ECF No. 1 at 2–3. Therefore, the Court must assess whether this request is moot now that Petitioner has been transferred to RRC. It finds it is not.

Petitioner's ETC calculation claim is not moot if it "falls within a special category of disputes that are 'capable of repetition' while 'evading review.'" *Turner v. Rogers*, 564 U.S. 431, 439 (2011) (quoting *S. Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515 (1911)). "A dispute falls into that category, and a case based on that dispute remains live, if '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" *Id.* at 439–40 (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) (*per curiam*)) (alteration in original).

First, the Court finds that the duration element is satisfied. The challenged action—application of Petitioner's ETCs to allow him to be transferred to pre-release custody—did not last long enough to be fully litigated to completion, insofar as Petitioner has already been transferred to pre-release custody. *See*, *e.g.*, *id.* at 440 (concluding that "the 'challenged action,' Turner's imprisonment for up to 12 months, is 'in its duration too short to be fully litigated' through the

4

state courts (and arrive here) prior to its 'expiration.'"); *Mohammed*, 2024 WL 5146440, at *2 (concluding that because BOP advanced habeas petitioner's release date, "the issue of whether to credit Petitioner for the classes between her sentencing and arrival at her designated facility can therefore be considered too short to be fully litigated in the ordinary course").

Second, the Court finds that the repetition element is satisfied. "[D]ecisions regarding pre-release custody rest within the discretion of the BOP[.]" *Bortner v. Stover*, No. 3:24-CV-281 (VAB), 2024 WL 3595922, at *3 (D. Conn. July 31, 2024); *see also Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) (noting that "the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed in an RRC[.]" (quotation marks omitted)). The BOP also maintains discretion to revoke an inmate's RRC placement and return him to prison if he violates the conditions of his RRC placement. *See* 18 U.S.C. § 3624(g)(5) ("If a prisoner violates a condition of the prisoner's prerelease custody, the Director of the Bureau of Prisons may . . . revoke the prisoner's prerelease custody and require the prisoner to serve the remainder of the term of imprisonment to which the prisoner was sentenced, or any portion thereof, in prison."); *Hussein v. Maait*, 129 F.4th 99, 121 (2d Cir. 2025) ("The word 'may,' when used in a statute, usually implies some degree of discretion." (quotation marks omitted)).

Because Petitioner's supervision has been revoked before, *see* Resp. Ex. 3, ECF No. 8-3 ¶ 7; Resp. Ex. 5, ECF No. 8-5, there is a "reasonable expectation" that BOP could exercise its discretion to revoke Petitioner's RRC placement and return him to prison, where he may be "subjected to the same action again." *See Turner*, 564 U.S. at 440 (concluding that there was "a more than 'reasonable' likelihood" that petitioner would be subjected to contempt proceedings and imprisonment again where he had failed to make child support payments in the past and had been held in contempt and imprisoned before). Accordingly, the Court concludes that Petitioner's

5

habeas petition—insofar as it requests application of ETCs to which he believes he is entitled—is not moot because it contains a claim capable of repetition, while evading review. The Court thus retains subject matter jurisdiction to consider the merits of this claim.

### B. Merits of Petition

Although the Court finds Petitioner's ETC calculation claim is not moot, it finds that he was not entitled to the ten ETCs between his sentencing (October 1, 2024) and the date at which he arrived at FCI Danbury (October 30, 2024), and thus denies his petition.

The FSA encourages federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs") by providing ETCs to an inmate who successfully complete such programs. *See* 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.40(b); *Dailey*, 2023 WL 3456696, at *4. Eligible inmates earn ten days of time credits for every thirty days of successful participation in EBRRs or PAs, with inmates classified as minimum or low risk of recidivism earning an additional five days of ETCs for every thirty days of successful participation in EBRRs or PAs. 18 U.S.C. § 3632(d)(4)(A). The application of ETCs enables an inmate to be transferred earlier than the completion date of his sentence to prerelease custody, such as home confinement or placement at a residential reentry center, or to supervised release. *See* 18 U.S.C. §§ 3624(g)(2)–(3); 18 U.S.C. § 3632(d)(4)(C); *see also Saleen*, 2023 WL 3603423, at *1.

Though Petitioner suggests he is entitled to ten ETCs, *see* Pet., ECF No. 1 at 2, the BOP does not award ETCs automatically—as the name suggests, they must be "earned." *See Urena v. Warden*, No. 3:24-CV-1673 (VDO), 2025 WL 1158102, at *2 (D. Conn. Apr. 20, 2025) (citing 18 U.S.C. § 3632(d)(4)(A)) (noting that "federal law prohibits the application of FSA time credits anticipated but not yet earned by allowing only the application of time credits 'earn[ed]' through the 'successful[ ] complet[ion]' of programming." (alteration in original)). An inmate may earn

6

ETCs by "successfully complet[ing] evidence-based recidivism reduction programming or productive activities[.]" 18 U.S.C. § 3632(d)(4)(A).

Assuming without deciding that Petitioner's sentence commenced on October 1, 2024, *see* 18 U.S.C. § 3632(d)(4)(B)(ii), Petitioner does not allege or provide any evidence that he "successfully complete[d] evidence-based recidivism reduction programming or productive activities," 18 U.S.C. § 3632(d)(4)(A), between October 1, 2024, and October 30, 2024. *See Smith v. Stover*, No. 3:23-CV-01645 (JAM), 2024 WL 3279014, at *2 (D. Conn. June 20, 2024) (declining to "decide whether the FSA allows credit for such post-sentencing rehabilitation programming that occurs prior to a prisoner's arrival at the facility where she will serve her sentence" when petitioner "furnishe[d] no evidence that she took part in any programming during that time period."). To the contrary, Respondent has provided a declaration from a BOP Correctional Programs Administrator averring that "BOP has nothing to suggest Petitioner completed any EBRR/PA's between October 1, 2024, and October 30, 2024." Resp. Ex. 3, ECF No. 8-3 ¶ 21.

If Petitioner did not "successfully complete[ ] evidence-based recidivism reduction programming or productive activities," 18 U.S.C. § 3632(d)(4)(A), from October 1, 2024, and October 30, 2024, he did not "earn" any ETCs in that time period for the BOP to apply. *See Milchin v. Warden*, No. 3:22-CV-195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (refusing to award ETCs that petitioner had not earned). If Petitioner did not earn any ETCs during this period, the BOP could not have miscalculated his ETCs by applying only the ETCs he earned beginning October 30, 2024. *See* Resp. Ex. 3, ECF No. 8-3 at 7 (stating "Petitioner begin [sic] earning FSA credits as of October 30, 2024 (date of his arrival at his designated institution FCI Danbury).").

7

For these reasons, Petitioner has not met his burden of proof showing that he is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and his petition for a writ of habeas corpus is denied.

### IV.    CONCLUSION

For the reasons set forth above, the emergency petition for writ of habeas corpus, ECF No. 1, is **DENIED**.  The Clerk of the Court is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 28th day of April, 2025.

      */s/ Sarala V. Nagala*
      SARALA V. NAGALA
      UNITED STATES DISTRICT JUDGE